[Civil No. 1621.    Filed February 3, 1919.]

[177 Pac. 931.]

HARRY S. ROSS, Appellant, v. THE COUNTY OF COCHISE IN THE STATE OF ARIZONA, Appellee.

1. COUNTIES—COUNTY TREASURER—FIXING SALARIES.—The salary of the county treasurer of Cochise county was fixed by Revised Statutes of 1901, paragraph 2610, at $2,500 a year until changed by general law, and plaintiff, who had received a salary of $3,000 a year in accordance with Salary Law of 1912, declared unconstitutional, could not recover the difference between salary received and that fixed by order of supervisors in February, 1912, without authority of law.

2. COUNTIES—SALARY PAID UNDER UNCONSTITUTIONAL STATUTE—RECOVERY.—In action for sum claimed as additional salary due plaintiff as treasurer of defendant county, the filing of a cross-complaint by the county as of September 1, 1917, to recover difference between salary paid under Salary Law of 1912, declared unconstitutional, and Revised Statutes of 1901, paragraph 2610, was the institution of a suit, and county could not recover, in view of Laws of 1917, chapter 80, section 4.

3. COUNTIES—STATUTES BARRING RECOVERY OF SALARY PAID UNDER INVALID STATUTE—VALIDITY.—Laws of 1917, chapter 80, section 4, barring suit for salaries paid county or state officers under Salary Law of 1912, declared unconstitutional, is valid.

4. STATES—DEBTS OF STATE—POWER OF LEGISLATURE TO RELEASE.—Unless prohibited by the Constitution, the legislature may release a debt due to the state.

APPEAL from a judgment of the Superior Court of the county of Cochise.    A. G. McAlister, Judge.    Affirmed in part.    Reversed and remanded, with instructions.

STATEMENT OF FACTS BY THE COURT.

The appellant as plaintiff commenced this action August 23, 1917, seeking to recover $1,350 as the aggregate sum claimed by him as additional salary due him as treasurer of Cochise county. Plaintiff received as salary $3,000 per annum in accordance with the Salary Law of 1912 (Laws 1912, c. 93). He founds his claim upon an order of the board of supervisors made on the seventeenth day of February, 1912, fixing the salary of the treasurer of Cochise county at $3,600 per annum, claiming that such order was valid and continued in force because the law of 1912 was declared unconstitutional in *Hunt* v. *Mohave County,* 18 Ariz. 480, 162 Pac. 600. The defendant demurred upon the ground that the complaint fails to state a cause of action, and on the first day of September, 1917, defendant county filed a cross-complaint alleging that plaintiff's salary was fixed by the laws of 1901 and amendments at $2,500 per annum; that plaintiff was paid a salary at the rate of $3,000 in accordance with the Salary Law of 1912; that said salary law was invalid, and therefore plaintiff had been paid the sum of $1,350 without authority of law, and judgment for said sum was demanded. The plaintiff demurred, and pleaded chapter 80, Laws of 1917, in bar of the cross-complaint. The judgment dismissed plaintiff's action, and granted defendant judgment in the sum of $500 on its cross-complaint. The plaintiff appeals.

Mr. J. T. Kingsbury and Mr. Lyman H. Hays, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. John F. Ross, County Attorney, and Mr. Bruce Stephenson, Deputy County Attorney, for Appellee.

CUNNINGHAM, C. J. (After Stating the Facts as Above). The salary of the county treasurer of Cochise county and counties of the class of Cochise was fixed by paragraph 2610, Revised Statutes of Arizona of 1901, at $2,500 per annum, until changed by general law. The attempt of the board of supervisors to fix a salary for the treasurer was without authority of law and void. See salary cases recently decided. The lower court correctly decided plaintiff's complaint.

The action was commenced on the twenty-third day of August, 1917, and the defendant's cross-complaint was filed September 4, 1917, as of the first day of September, 1917. Hence, at the time the action was commenced, chapter 80, Session Laws of 1917, page 117, was in force. That statute became of force as a law on the eighth day of June, 1917. Section 4 of said chapter 80 is as follows:

"No suit shall be instituted by the state of Arizona, or by any county in this state to recover from any state or county officer or ex-officer, or of any of their appointees, or heirs, any part of any salary paid him, or them, by the state of Arizona, or by any county in this state under and by virtue of chapter 11, title 15 of the Revised Statutes of Arizona of 1913, relating to 'Salaries,' which law has recently been held to be unconstitutional by the Supreme Court of this state, and any and all such payments so made to said officers, ex-officers and their appointees, of state and county moneys, under and by virtue of said act, is hereby validated as to such officers and ex-officers, their appointees and their heirs."

Clearly the filing of the cross-complaint by the county in this case, seeking to recover from the county treasurer the sum of $50 per month, paid the treasurer under the authority of the Salary Law of 1912, which said law was declared unconstitutional in *Hunt* v. *Mohave County*, 18 Ariz. 480, 162 Pac. 600, filed February 2, 1917, is the institution of a suit by Cochise county to recover from a county officer a part of the salary paid him by the county under said unconstitutional law. If section 4 of chapter 80, *supra*, is valid legislation, the plaintiff's plea in setting it up in bar of the cross-complaint must be sustained. The said statute is in effect a legislative release of a liability owing to the county, and a bar to any action by the county seeking to enforce such liability. Unless prohibited by the Constitution, the legislature may release a debt due to the state. 36 Cyc. 871, citing *Ernst* v. *Ernst*, 1 Ill. 316; *Ernst* v. *Bank*, 1 Ill. 86; *State* v. *Hendrickson*, 16 Md. 205; *Green's Estate*, 4 Md. Ch. 349. See *Burr* v. *Carbondale*, 76 Ill. 455.

"Counties are subordinate agencies for the orderly government of the state within the scope of their authority; hence they are subject to the control and direction of the legislature, in which chiefly the sovereignty of the state is represented and exercised." 11 Cyc. 342.

No constitutional provision, prohibiting the legislature from releasing a liability to the county, appears to me, and no such provision has been suggested. The matter depends solely upon the power of the legislature to act in the premises, and, without any doubt, the power to so act exists until withdrawn.

Section 4, chapter 80, Laws of 1917, bars the county from claiming a return of money paid as salary to county officers on the apparent authority of chapter 93, Laws of 1912. For that reason, the court erred in overruling plaintiff's demurrer and plea in bar to defendant's cross-complaint. Such pleadings should have been sustained, and the cross-complaint dismissed. The judgment of the trial court, dismissing the original action, is affirmed. The judgment for the defendant on the cross-complaint is vacated, and said cause is remanded, with instructions to sustain plaintiff's demurrer and dismiss the same.

ROSS and BAKER, JJ., concur.